THE STATE ex rel. HARDWARE MUTUAL CAS-
   UALTY COMPANY v. BEN C. HYDE, Superin-
   tendent of Insurance, and L. D. THOMPSON, State
   Treasurer.

In Banc, July 3, 1924.

1. **TAXATION**: Insurance Company: **Refund as Dividend of Part of Premium.** The re-payment to a policyholder of a part of the consideration previously paid in full under an insurance contract fully executed cannot be used to reduce the tax due the State for which the insurance company was originally liable.

2. ————: ————: ————: **Complete Annual Contracts: Statute.** Where the premiums received by a foreign insurance company from its policyholders in this State are used to pay its annual losses and expenses, and the excess is prorated annually among said policyholders, the dividends so declared becoming their absolute property, which they may withdraw in cash, or use in purchasing other policies, the policies being only annual contracts, and not continuing contracts, and the payment of the dividend in cash or in the purchase of other insurance being the subject of a separate arrangement or contract, the insurance company must pay taxes on all the premiums received during the year, and is not entitled to claim a reduction of its taxes on account of the dividends returned to policyholders, under the statute (Sec. 6387, R. S. 1919) declaring that every foreign insurance company shall "annually pay a tax upon the premiums received, whether in cash or notes, in this State, or on account of business done in this State, for insurance of life, property or interest in this State, at a rate of two per cent per annum, in lieu of all other taxes."

Headnotes 1 and 2:   Taxation, 37 Cyc. 1035 (1926 Anno).

*Mandamus.*

PEREMPTORY WRIT DENIED.

*Casey & Wright* for relator.

*Jesse W. Barrett,* Attorney-General, and *Allen May,* Special Assistant Attorney-General, for respondents.

(1) "Premiums received" and "business done" as a basis for taxation of foreign insurance companies has been fixed by the Legislature and held reasonable by this court. Sec. 6387, R. S. 1919; Massachusetts Bonding & Insurance Co. v. Chorn, 274 Mo. 15. (2) The exception created 'in favor of returned dividends under life insurance policies by State ex rel. National Life Ins. Co. v. Hyde, 292 Mo. 342, is not applicable to relator herein, which is a casualty company, because the reasoning and logic of that decision has no application to the facts in the case at bar.

DAVID E. BLAIR, J.—This is an original proceeding by *mandamus* to compel the Superintendent of the Insurance Department of this State to certify relator's tax on premiums received upon business done by relator in this State at the amount relator claims is due. It is further sought to compel the State Treasurer to accept that amount in settlement of relator's said tax.

Our alternative writ issued, and respondents filed their return thereto. Relator filed its motion for judgment upon the pleadings. In addition, the parties have filed a stipulation as to the facts, and we quote therefrom as follows:

"It is agreed by and between the relator and respondents herein that relator is a mutual insurance corporation, organized under the laws of the State of Wisconsin, without capital stock, in which each person holding an insurance policy is a member;

"That Ben C. Hyde is the Superintendent of the Insurance Department of the State of Missouri, and L. D.

Thompson is the State Treasurer of the State of Missouri;

"That relator is licensed to do business in this State as a foreign insurance company, and is engaged in business in this State, issuing contracts of insurance against loss or damage by sickness, bodily injury or death by accident of any peron, for which loss or damage the insured is liable; against loss or damage to the property of any person by accident, and personal injuries sustained in such loss or accident, for which loss or damage the insured is liable; against loss or damage to automobiles or other vehicles and their contents by collision, fire, burglary or theft, and against liability for damage to persons or property of others by collision with such vehicles;

"That the policies issued by relator are indemnity policies; that the annual contractual premiums on such policies are based on an assumed or expected and estimated expense of operation, and an assumed or expected rate of interest earnings on the funds of relator;

"That the funds of relator derived from premiums paid in by its policyholders and the interest on its funds, in excess of the amount required and necessary to pay its losses and expenses of operation, are apportioned to policyholders annually as dividends;

"That the dividends declared in favor of the several policyholders become the sole and absolute funds of the policyholders upon said dividends being declared;

"That the contractual or stipulated premium received on all policies issued in the State of Missouri for the year 1923 is $10,333.23;

"That for the year 1923 the relator's board of directors declared dividends in favor of the several policyholders in Missouri in the sum of $2,100.76;

"That said dividend was declared out of the premiums collected in Missouri and interest on funds derived from premiums paid in by policyholders in Missouri;

304 Mo.—29.

"That said dividends were received by the policy-holders in cash, or were applied to the purchase of insurance for a period subsequent to the year 1923;

"That relator made its return to the Insurance Department in due form under Section 6388, Revised Statutes of Missouri of 1919, for premiums on policies issued in this State during the year 1923; that said return showed that relator collected $10,333.23 upon insurance issued in the State of Missouri; that relator deducted from said sum the dividends paid to policyholders in this State, and made a return showing the gross amount for premiums collected in this State, after deducting dividends returned, to be the sum of $8,232.47;

"That relator requested the Superintendent of the Insurance Department to certify to the State Auditor and State Treasurer that relator owed as taxes for the year 1923 two per cent upon $8,232.47, or the sum of $164.65;

"That the policies of insurance issued by relator are not continuing policies, but are written for one year only; that dividends returned to policyholders are not applied upon the contract of insurance upon which they were declared; but when applied to the purchase of insurance are applied upon a new contract of insurance and for a period subsequent to the original contract; that dividends are returned to policyholders regardless of whether or not they take a new contract of insurance;

"That the Superintendent of Insurance refused to certify the amount of said tax as said sum; that the Superintendent of Insurance certified that relator owed a tax of $206.66, said sum being two per cent upon $10,333.23, the Superintendent of the Insurance Department refusing to deduct dividends returned to policyholders in this State;

"That the State is demanding from relator the sum of $206.66 as its tax for the year 1923;

"That the State Treasurer has refused to receive the sum of $164.65 in payment of relator's tax."

The applicable statute is Section 6387, Revised Statutes 1919. So much of said section as is important here reads as follows:

"Every insurance company or association, not organized under the laws of this State, shall, as hereinafter provided, annually pay tax upon the premiums received, whether in cash or in notes, in this State, or on account of business done in this State, for insurance of life, property or interest in this State at a rate of two per cent per annum in lieu of all other taxes, except as in this article otherwise provided."

The sole question to be determined is whether relator may deduct dividends, declared in favor of and paid to its several policyholders in Missouri, from the premiums received by it on Missouri business during the given year in arriving at a basis for the assessment of the two per cent annual tax provided for in Section 6387.

Relator seeks to bring itself within the rule laid down by this court in State ex rel. National Life Ins. Co. v. Hyde, 292 Mo. 342. It was there held that the tax could be collected only upon the amount of the contractual premiums on Missouri business, "less credits thereon due to the application of so-called dividends or previous overpayments."

The National Life Company was a mutual insurance corporation of Vermont, having no capital stock or stockholders, and was engaged in the business of writing life insurance. It wrote policies known as participating-annual-dividend plan of life insurance. It was necessarily contemplated and, we assume, stipulated, that such policies would remain in force during the life of the insured, subject to the payment of agreed premiums. The stipulated annual premiums were partly settled by the application of dividends declared. The dividends declared by the National Life and applied to the payment of premiums upon which the deduction was asked, were not paid to the policyholder except in settlement of such renewal premiums.

452     SUPREME COURT OF MISSOURI,

State ex rel. Hardware Mutual Casualty Co. v. Hyde.

It is stipulated in this case that the policies of insurance issued by the relator are not continuing policies, as was true in the Hyde Case, but are written for one year only. If the protection is continued, it is under a new contract. The issuance of each policy is therefore a new and independent transaction. If a policyholder takes a new policy from relator upon the expiration of a policy in force at any particular time, such new policy is taken for some reason other than because of any contract to take it. A new and separate contract regarding the payment of premium for such new policy is made. The payment of such premium is not taken care of under the contract made the year before, but by independent arrangement, when such new policy is issued. The fact that the policyholder may apply on the premium, charged for the new policy, a dividend paid him under a previous policy, is a matter for special arrangement and agreement, such as would be the case if the insurance company had been indebted to the new policyholder on account of a small loss previously sustained and it had been agreed that such indebtedness should be applied in part payment of a premium on a new policy. A policyholder might sell his automobile and it might be agreed that the insurance company would cancel the old policy and apply the return premium due the policyholder upon the premium due on a new policy covering another automobile. Under the rule laid down in Mass. Bond. & Ins. Co. v. Chorn, 274 Mo. 15, no reduction in the tax could be claimed by the insurance company on account of the payment of a return premium to the policyholder. This would be true even if such premium was not actually paid to the insured and was only credited upon the premium due under a new policy.

The rule laid down in the Hyde Case can only be applied where the contract of insurance is a continuing one and where dividends applied reduce the premiums actually paid or received below the amount of the premiums contracted to be paid.

It is true in this case, as it was in the Chorn Case, that "it is too plain for argument that when a valid contract of insurance has been executed and full consideration paid, the business has been done and the premium received." In the case of continuing life insurance policies the contract is executed only *pro tanto*. The entire consideration is not fully paid in any one year. Where the stipulated annual premium, for example, is $100, the declaration of a dividend of $10 for that and subsequent years and its application upon a stipulated annual premium reduces the amount of the premium actually received under the contract in such years to $90. It was such state of facts which ruled the Hyde Case. The facts in this case do not bring it within the rule of the Hyde Case. They bring it squarely within the rule of the Chorn Case, that the re-payment of a part of the consideration previously paid in full under an insurance contract fully executed cannot be used to reduce the tax, for the payment of which the insurance company was originally liable.

The motion of relator for judgment on the pleadings is overruled and our peremptory writ is denied.

All concur; *Woodson, J.,* except as to reference of State ex rel. v. Hyde, 292 Mo. 342.